IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOT ENERGY SERVICES, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 15-CV-236-GKF-FHM |
| QUIKWATER, INC., a dissolved Oklahoma corporation; OGI PROCESS EQUIPMENT, INC.; SCOTT PUMP, a division of Ardox corporation; ARDOX CORPORATION, a Delaware corporation; and WEG ELECTRIC CORP., a Florida corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

By an Order dated February 13, 2017, this court denied WEG's motion for summary judgment as to Hot Energy's claim for breach of the implied warranty of merchantability, and granted the motion as to Hot Energy's claim for breach of an implied warranty of fitness for a particular purpose. Upon further review of applicable caselaw and the briefs and materials submitted by the parties, the court hereby reconsiders *sua sponte* its partial denial of the motion. and, for the reasons set forth below, grants summary judgment in favor of WEG on plaintiff's claim for breach of the implied warranty of merchantability.

Goods are considered merchantable in Oklahoma when, at the least, they are fit for the ordinary purposes for which they are used. *Perry v. Lawson Ford Tractor Co.*, 613 P.2d 458, 463 (Okla. 1980); Okla. Stat. tit. 12A, § 2-314(2)(c) (2004 & Supp. 2017); *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1288 (10th Cir. 2013). Merchantability is a flexible concept which does not connote best quality or perfection in detail; merchantability does require, however, that goods operate for

their ordinary purpose.  *Id.*  "This is not to say there cannot be problems or breakdowns with a merchantable machine."  *Id.*

To recover on a claim for a breach of the implied warranty of merchantability, a plaintiff[1] must prove:  (1)  a sale of goods by a merchant; (2) the goods were not "merchantable" at the time of sale; (3) injury and damage to the plaintiff or his property proximately caused by the defective nature of the goods; and (4) appropriate notice of breach to the seller.  *Farmers Ins. Co. v. Big Lots*, 2015 WL 5943447, at *5 (N.D. Okla. Oct. 13, 2015); *American Fertilizer Specialists, Inc. v. A. J. Wood, Jr.*, 635 P.2d 592, 595 (Okla. 1981); *Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1053 (Okla. App. 1980) (citing J. White & R. Summers, Uniform Commercial Code § 9-6, at 343 (2d ed. 1980)).

WEG argues there is no evidence that its motors had any defect at the time of sale, or that any defect in the motors was the proximate cause of Hot Energy's claimed loss.   Hot Energy points to the following in support of its contention that the motors were defective – that the circuit breakers tripped on the fracking trailer shortly after being placed into service; that the motors were manufactured in 2010; and that after the bearings in the first motor were replaced, the motor "functioned flawlessly."   WEG replies that Hot Energy has offered no admissible evidence creating a question of fact that there was a defect in the motors at the time of their sale.

Hot Energy has offered no expert testimony to prove the motors had a defect at the time of sale, but there is no strict rule requiring such testimony, as the fact of a defect may be proven by circumstantial evidence.  *Heartland Ceramic Applications, Inc. v. Pro-Tek-USA, LLC*, 2016 WL 5762769 (N.D. Okla. 2016) (citing *Lucas v. Firestone Tire & Rubber Co.*, 458 F.2d 495, 497 (5th

---

[1] An ultimate consumer in the distribution chain in Oklahoma can bring a direct breach of warranty action against a manufacturer, notwithstanding its lack of privity.  *Patty Precision Products Co. v. Brown & Sharpe Mfg. Co.*, 846 F.2d 1247, 1254 (10th Cir. 1988).

Cir. 1972). "The general rule is that '[i]f the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a prima facie case.'" *Id.* (quoting *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1270 (Del. 1998)). "For circumstantial evidence to substantiate a prima facie case that there was a breach of the implied warranty of merchantability, it must tend to negate other reasonable causes of the injury sustained or there must be expert opinion that the product was defective." *Id.* (quoting *Reybold*).

Hot Energy's proffered circumstantial evidence requires analysis as to whether that evidence is admissible and sufficient to create a question of fact.

First, in support of its contention that WEG's motors caused the circuit breakers to trip on the fracking trailer, Hot Energy points to the testimony of its manager, Ralph Reddell. Reddell's testimony is inadmissible because he has no personal knowledge about the cause of the problem. Reddell testified that he only knew what Jose at Quikwater told him about the first motor when the circuit breakers tripped ("He [Jose] was just telling me that the motor was taking a load"), and he conceded he never learned the cause of the problem the second time the breakers tripped. And Reddell's testimony as to what Jose at Quikwater told him when they were trying to determine what was causing the breakers to trip is inadmissible hearsay. Furthermore, WEG's expert witness, Dale Basso, testified that the motor did not short or fail, and that the bearings of the motor did not cause the breaker to short. Basso testified that something else tripped the circuit breakers, most likely the load created by the limestone sediment inside the pump. Hot Energy's circumstantial evidence does not tend to negate this other reasonable cause for the circuit breakers to trip, and thus does not substantiate a prima facie case that the motor was defective at the time of sale.

Second, Hot Energy points to the facts that the motors were manufactured in November, 2010, and delivered to Scot Pump in 2013, hypothesizing that the motors were adversely affected by storage in WEG's warehouse before they were shipped. But Reddell admitted in his deposition that he had no information that the manufacture date of the motor had any impact on its performance in the field. The uncontroverted evidence before the court is that WEG stores its motors in climate-controlled warehouses where humidity is low and temperature is kept within a standard range. In addition, the hot water unit, including the motors, ran without a problem for at least 8 hours when Hot Energy was being trained in its use. And there is no evidence, only speculation, that the motors had been used and returned by another customer prior to delivery to Scot Pump. Here again, Hot Energy's circumstantial evidence does not tend to negate Dale Basso's reasonable explanation for why the circuit breakers tripped.

Third, Hot Energy observes that after the bearings in the first motor were replaced, the motor functioned flawlessly. But the motor ran when taken to the repair facility at Prairie Mountain, and the uncontroverted testimony of the repair technician is that the bearing roughness was minor. Furthermore, the limestone sediment found in the pump at the Prairie Mountain repair facility had been removed when the motor was placed back into service. In short, this circumstantial evidence, like Hot Energy's other circumstantial evidence, does not negate expert witness Dale Basso's reasonable explanation for why the circuit breakers tripped. Hot Energy has not substantiated a prima facie case that WEG breached the implied warranty of merchantability, and WEG is entitled to summary judgment in its favor on Hot Energy's remaining claim.

For the foregoing reasons, the portion of the court's previous order [Doc. #127] denying WEG's motion for summary judgment in part is hereby withdrawn, and defendant WEG's Motion

- 5 -

for Summary Judgment on plaintiff's claim for breach of the implied warranty of merchantability [Doc. #77] is granted.

IT IS SO ORDERED this 24th day of February, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT